UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Yoandy F. Morales,<br><br>  Plaintiff<br><br>v.<br><br>Dr. Agustin, et al.,<br><br>  Defendants | Case No.: 2:21-cv-00121-JAD-VCF<br><br>**Order Screening and Dismissing Complaint with Leave to Amend by November 26, 2021** |

Pro se plaintiff Yoandy Morales brings this civil-rights action under 42 U.S.C. § 1983, claiming that Dr. Agustin and a nurse named Sonya violated his Eighth Amendment rights by failing to ensure that an interpreter was present during the medical treatment Morales received while incarcerated at Southern Desert Correctional Center (SDCC). Because Morales applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that he has not pled a colorable Eighth Amendment claim, so I dismiss his complaint without prejudice and with leave to amend by November 26, 2021.

**Background**

**I.    Morales's factual allegations**[2]

While incarcerated at SDCC in 2019, Morales was prescribed a special diet because he suffers from gastritis. Despite his prescription, when he went to the chow hall and requested his

---

[1] ECF No. 1. Although I do not consider Morales's application to proceed *in forma pauperis* at this time, it appears that he does not qualify to proceed *in forma pauperis*. If Morales believes that his financial circumstances have changed, he may file an updated application to proceed *in forma pauperis*. But if he doesn't qualify, he must pay the $402 filing fee in full before his complaint can be served on the defendants.

[2] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

special diet food, he was instead given a standard meal, which caused him to suffer abdominal pains and gastritis.[3] He was also restricted from buying certain items at the commissary, which was problematic because this restriction prevented him from buying items that would not bother his stomach.[4] So in January 2020, he filed an emergency grievance with SDCC, and he was then seen by a nurse who gave him medication that worsened his pain.[5] Over the next two months, several of Morales's medical appointments were rescheduled because of lockdowns in his unit.[6] On March 10, 2020, Morales was seen by nurse Sonya. Morales, who only speaks Spanish, had difficulty communicating with Sonya. She provided Morales with list of foods sold at the prison commissary, but she did not examine Morales, despite his complaints of stomach pains, nausea, vomiting, and dizziness.

Morales continued to have medical appointments scheduled because of his stomach pain, but they were repeatedly rescheduled due to lockdowns.[7] On May 19, 2020, Morales was seen by Dr. Agustin, who refilled Morales's prescriptions for ibuprofen and omeprazole and provided him a cream for a skin rash.[8] Two months later, he had a follow-up appointment with Agustin, but no Spanish interpreter was present. As a result, Agustin did not clearly understand Morales's medical complaint and prescribed medicine that either exacerbated Morales's ailments or did nothing to ease his abdominal pain.

---

[3] ECF No. 1-1 at 6.
[4] *Id.*
[5] *Id.* at 3.
[6] *Id.* at 4.
[7] *Id.* at 4–5.
[8] *Id.* at 5.


## II. Morales's causes of action

Based on these events, Morales sues Agustin and Sonya, alleging that they violated his Eighth Amendment rights.[9] I liberally construe this claim as one for deliberate indifference to a serious medical need based on the allegation that Sonya and Agustin did not provide Morales proper treatment due to a language barrier.[10] Morales seeks damages.[11]

## Discussion

### I. Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[12] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[13] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[14]

---

[9] *Id.* at 4.
[10] *Id.* at 4–7.
[11] *Id.* at 10.
[12] *See* 28 U.S.C. § 1915A(a).
[13] *See* 28 U.S.C. § 1915A(b)(1)(2).
[14] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). *See also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[15] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[16] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[17] but a plaintiff must provide more than mere labels and conclusions.[18] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[19] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]

## II. Morales fails to state a colorable claim for deliberate indifference to a serious medical need.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[21] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[22] To establish an Eighth Amendment deliberate-indifference-to-serious-medical-needs claim, a plaintiff must satisfy both an objective

---

[15] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[16] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[17] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). *See also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[20] *Id.*

[21] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[22] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[23]  For the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain."[24]  For the second prong, he must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[25]  This requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[26]  The Ninth Circuit recognized in *Anderson v. Cty. of Kern* that failure to provide translators can constitute deliberate indifference:

> An impenetrable language barrier between doctor and patient can readily lead to misdiagnoses and therefore pain and suffering.  This type of language problem which is uncorrected over a long period of time and as to which there is no prospect of alleviation, can contribute to unconstitutional deficiencies in medical care.[27]

I find that Morales fails to state a colorable claim of deliberate indifference to a serious medical need.  Based on the allegations in his complaint, Morales has been diagnosed with gastritis and has been prescribed a special diet to alleviate his symptoms.  Morales alleges that he had difficulty communicating with Agustin and Sonya, but based on the allegations in the complaint, it appears that they are aware of his condition and are treating him for it.  The allegations in the complaint thus do not support the reasonable inference that the language barrier

---

[23] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[24] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[25] *Id.*

[26] *Farmer*, 511 U.S. at 837; *see also Peralta*, 744 F.3d at 1086.

[27] *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (quoting *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983)).

caused any misdiagnosis or improper treatment. Although Morales alleges that Sonya did not conduct a complete examination of him and that the medication that Dr. Agustin provided did not help him, the allegations in the complaint do not support the conclusion that these deficiencies were due to any language barrier or that the defendants acted in deliberate indifference to Morales's medical needs. Morales also doesn't allege that he suffered any additional harm based on Sonya's failure to conduct a more thorough examination or based on Agustin's decision of what medication to prescribe.

Based on the allegations in the complaint, Morales's gastritis problems are a result of guards giving him regular meals instead of his medically prescribed meals, but this does not appear to be the fault of either Agustin or Sonya. So I find that Morales fails to state a colorable claim of deliberate indifference to a serious medical need against Sonya or Agustin, and I dismiss this action without prejudice and with leave to amend.

## C. Leave to amend

Because I cannot yet conclude that Morales cannot state true facts to cure the deficiencies in his claims, I grant him leave to file an amended complaint regarding his claim of deliberate indifference to a serious medical need. If Morales chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[28] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First-Amended Complaint." Morales must follow the instructions on the form. He need not and should not allege very many facts in the

---

[28] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). *See also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

"nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the amended complaint by November 26, 2021.**

### Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice and with leave to amend by November 26, 2021.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If plaintiff chooses to file an amended complaint, he must use the approved form and he must write the words "First-Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If plaintiff does not file an amended complaint, by November 26, 2021, this action will be dismissed with prejudice for failure to state a claim.**

Dated: October 25, 2021

_____
U.S. District Judge Jennifer A. Dorsey